

**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

MILTON J. LEWIS, Jr.,

                Petitioner - Appellant,

   v.

ROBERT A. HOREL, Warden,

                Respondent - Appellee.

No. 11-15972

D.C. No. 4:08-cv-02337-CW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, Chief District Judge, Presiding

Argued and Submitted December 6, 2013
San Francisco, California

Before: TROTT and MURGUIA, Circuit Judges, and EZRA, District Judge.[**]

Milton J. Lewis, Jr., an African-American male, was tried by an all-white

jury in Eureka, California. The jury was all white because the prosecutor exercised

---

        [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

        [**]     The Honorable David A. Ezra, District Judge for the U.S. District Court for the Western District of Texas, sitting by designation.

a peremptory challenge against the only African-American prospective juror subjected to voir dire, known here as "Juror G."

Lewis's attorney timely objected to the prosecutor's challenge of Juror G on the ground that it was racially motivated. The trial court declined to find a prima facia case of discrimination but credited nevertheless the prosecutor's voiced explanation of his challenge of Juror G as "specific" and "[race] neutral."

On appeal, the California Court of Appeal rejected Lewis's contention that the trial court erred in ruling on his objection to Juror G's exclusion. In so holding, the court highlighted one of the concrete reasons given by the prosecutor and accepted by the trial court as sufficient to strike Juror G. Juror G's brother and her cousin had been convicted of crimes, and Juror G's brother was having problems on probation, including a violation caused by his failure to meet with his probation officer. About this circumstance, the trial court had said, "[I]t is not uncommon for [a] prosecutor to excuse, peremptory someone whose brother is on probation" and "not doing satisfactory [sic]." The trial court had also observed that the prosecutor's voir dire of Juror G was not "in any way disproportionate to the other people." The Court of Appeal credited this analysis, saying that Juror G's "family member's negative experiences with law enforcement [are] a well-recognized valid ground for the peremptory challenge."

We have examined the prosecutor's articulated reasons for his challenge, the trial court's evaluation of them, and the Court of Appeal's reasoning. Given the deferential standard of review under AEDPA, <u>Cook v. LaMarque</u>, 593 F.3d 810, 816 (9th Cir. 2010), we determine them to be satisfactory to support the state court's determination of no <u>Batson .v Kentucky</u>, 476 U.S. 79 (1986) violation. Moreover, we have conducted a comparative juror analysis as required by <u>Ali v. Hickman</u>, 584 F.3d 1174, 1180-81 & n.4 (9th Cir. 2009), and we are unable to identify any significant factor that undercuts our determination.

AFFIRMED.